# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER GLENN SEALY (#074078)**               **CIVIL ACTION**

**VERSUS**

**ASCENSION PARISH, ET AL.**                               **NO. 16-0264-JWD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER GLENN SEALY (#074078)**     CIVIL ACTION

**VERSUS**

**ASCENSION PARISH, ET AL.**     NO. 16-0264-JWD-EWD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of Defendants Sheriff Jeffrey F. Wiley and Sgt. Larry Moses (R. Doc. 12).   This Motion is not opposed.

*Pro se* Plaintiff, a prisoner confined at the Ascension Parish Jail, Donaldsonville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Ascension Parish, the Ascension Parish Sheriff's Department, the Ascension Parish Jail, Sgt. Larry Moses and the City of Donaldsonville, alleging that his constitutional rights were violated in March 2016, when officers at the Ascension Parish Jail failed to protect Plaintiff from attacks by a co-inmate housed at that facility.[1]

Defendants move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, a sworn Declaration signed by Capt. Jude Richard, a copy of the

---

1     The Ascension Parish Sheriff's Office is not an entity that has the capacity to be sued in this Court.  See *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988) (finding that "the East Baton Rouge Parish Sheriff's Office is not a legal entity which may be sued"); *Francis v. Dupree*, 2010 WL 5636213, *2 (E.D. La., Dec. 9, 2010) (same relative to the New Orleans Police Department); *Atkinson v. NOPD*, 2007 WL 2137793, *1 (E.D. La., July 23, 2007) (same, noting that "police departments of cities are not suable" under § 1983).   Apparently interpreting Plaintiff's Complaint liberally, Sheriff Jeffrey F. Wiley has appeared as the person appropriately sued on behalf of the Sheriff's Office.

Ascension Parish Jail Offender Grievance Procedure, and a copy of Plaintiff's pertinent administrative remedy proceedings. Defendants contend that dismissal is appropriate in the first instance based upon the procedural argument that Plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.

In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that on an unspecified date in March, 2016, he was threatened with physical harm by a co-inmate, Milton Maloid. Although Plaintiff relayed this threat to officials at the jail, nothing was done, and Plaintiff was attacked by the co-inmate the next day and suffered injury as a result thereof. Plaintiff further complains that approximately two weeks later, upon Plaintiff's return to the jail after a follow-up medical visit to have his stitches removed, prison officials placed him in a housing unit were co-inmate Maloid was also housed. Plaintiff asserts that he again received threats from the co-inmate and again complained to officials at the jail, but again nothing was done to protect him from harm. As a result, Plaintiff was again attacked by co-inmate Maloid on March 22, 2016 and again sustained injury that required hospital care.

In response to Plaintiff's allegations, Defendants contend that Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available at the prison *prior to* commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with

---

2    42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." (Emphasis added).

applicable prison grievance procedures. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Specifically, not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Thus, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

Upon a review of Plaintiff's pertinent administrative remedy proceedings, the Court finds that Defendants' motion is well-taken and should be granted. Specifically, it appears that Plaintiff did not exhaust available administrative remedies *before* he filed his Complaint in this case. In this regard, the Ascension Parish Jail Offender Grievance Procedure consists of a three-step administrative process, pursuant to which prisoners must first submit their grievance for a response by a "Step 1" officer, after which the prisoner submits the grievance for a "Warden's Review" and thereafter a "Sheriff's Review" if the prisoner is not satisfied with the prior responses. *See* R. Doc. 12-4. In the instant case, it appears that Plaintiff's initial administrative grievance was dated on or about March 23, 2016 and was received by jail officials on or about March 29, 2016. *See* R. Doc. 12-5. It further appears that Plaintiff received his Step 1 response on or about April 22, 2016 and submitted his grievance that day for further consideration upon a Warden's Review. *See* R. Doc. 12-6. Finally, it appears that Plaintiff received a second-step response from the Warden's Office on or about May 10, 2016, *see* R. Doc. 12-7 at p. 1, submitted a request for Sheriff's Review on that date, *see id.*, and received a third-step response from the sheriff on or

about May 24, 2016. *See id.* at p. 2. However, although Plaintiff's administrative proceedings were thereby finally exhausted on that date (May 24, 2016), Plaintiff's claim is not properly before this Court because Plaintiff submitted his federal Complaint to this Court before the administrative process was completed. Specifically, it appears that Plaintiff's Complaint was dated March 30, 2016, *see* R. Doc. 1 at p. 5 – before he received his first-step response – and was docketed in this Court on April 25, 2016 – before he received his second-step response from the Warden's Office. Accordingly, it is clear that Plaintiff did not properly exhaust his administrative remedies *before* commencing the instant proceeding.

Although Plaintiff's administrative remedies are now exhausted, the law is clear that this Court does not have discretion to forgive Plaintiff's failure to first exhaust his claims. In *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012), the United States Court of Appeals for the Fifth Circuit made clear that dismissal is the appropriate result when a prison has failed to first exhaust his administrative claims notwithstanding that he subsequently exhausts those claims:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory…. District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id*. at 788. Accordingly, because Plaintiff failed to exhaust his available administrative remedies before filing his Complaint in this case, his Complaint should be dismissed for this reason.

In addition to the foregoing, the Court notes that Plaintiff has not filed any opposition in response to Defendants' Motion for Summary Judgment. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the

nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, Plaintiff's failure to oppose Defendants' motion for summary judgment allows the Court to conclude that all of the facts contained in Defendants' Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, Plaintiff has not come forward with any opposition to Defendants' motion for summary judgment or to the sworn declaration and documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute Defendants' assertions regarding Plaintiff's failure to exhaust his available administrative remedies. Therefore, based upon Plaintiff's failure in this case to oppose Defendants' motion, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendants' motion is well-taken and that Defendants are entitled to summary judgment as a matter of law.

Finally, the Court notes that although Plaintiff has also named the Parish of Ascension, the City of Donaldsonville and the Ascension Parish Jail as defendants herein, these parties have not appeared in this proceeding through the filing of an answer or motion. Notwithstanding such

failure to appear, this Court is empowered, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999), *citing Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.; see also Tate v. Gusman, 459* F.Supp.2d 519, 522 (E.D. La. Nov. 7, 2006), *citing Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry, supra*, *citing Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Douglas v. Gusman*, 567 F.Supp.2d 877, 883 (E.D. La. June 9, 2008), *citing Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (*quoting Neitzke v. Williams*, *supra*, 490 U.S. at 327).

   The plaintiff's Complaint fails to state a federal constitutional claim relative to the Parish of Ascension, the City of Donaldsonville and the Ascension Parish Jail. First, with regard to Ascension Parish Jail, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as the Jail to sue or be sued is determined by the law of the state in which the district court sits. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Further, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's

constitutional rights. The Ascension Parish Jail is not a person within the meaning of this statute. *See, e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La. Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La. Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, Plaintiff fails to state a claim upon which relief may be granted relative to the Ascension Parish Jail, and this Defendant is subject to dismissal from this proceeding as a matter of law.

Further, with regard to Plaintiff's claim asserted against the Parish of Ascension and the City of Donaldsonville, in order for there to be parish or municipal liability under § 1983, Plaintiff must be able to show that there is a direct causal connection between a policy, practice or custom of the governmental entity and the constitutional violation sought to be redressed. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). Further, he must specifically identify the alleged policy, show a connection between the policy and the governmental entity itself, and show that his injuries were incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984). Proof of a single incident is ordinarily insufficient to hold a governmental entity liable for inadequate training and/or supervision. *Gabriel v. City of Plano*, 202 F.3d 741 (5th Cir. 2000). Further, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162 (5th Cir. 1997).

In the instant case, Plaintiff has failed to identify any deficient policy of the Parish of Ascension or the City of Donaldsonville which may be seen to have caused the injuries of which he complains. In fact, Plaintiff fails to make reference to any specific policy whatever in his Complaint, much less an alleged wrongful policy, and his allegations focus instead upon the failure

of specific officers to take action to protect him from harm. In the absence of any allegation regarding an alleged wrongful policy or an alleged failure to train or supervise, Plaintiff's Complaint fails to support a conclusion that any such unconstitutional policy exists. In short, there is nothing in Plaintiff's Complaint that discloses a basis for liability on the part of the Parish of Ascension or the City of Donaldsonville and, accordingly, the Court finds that these defendants are also entitled to judgment as a matter of law, dismissing Plaintiff's claims asserted against them.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of Defendants Jeffery F. Wiley and Sgt. Larry Moses (R. Doc. 12) be granted, dismissing Plaintiff's claims asserted against Defendants, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e). It is further recommended that Plaintiff's claims asserted against the Parish of Ascension, the City of Donaldsonville and the Ascension Parish Jail be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 30, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**